737 S.E.2d 852

**In the Matter of Christopher Clay OLSON, Respondent.**

**Appellate Case No. 2012–213319.**

**No. 27217.**

Supreme Court of South Carolina.

Submitted Jan. 15, 2013.

Decided Feb. 13, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

R. Davis Howser, of Howser Newman & Besley, LLC, of Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits

misconduct and consents to the imposition of an admonition, public reprimand, or definite suspension not to exceed sixty (60) days. Respondent further agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter within thirty (30) days of the imposition of a sanction and to complete the Legal Ethics and Practice Program Ethics School within one (1) year of the imposition of a sanction. We accept the Agreement and issue a public reprimand. In addition, within thirty (30) days of the date of this opinion respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter and, within one (1) year of the date of this opinion, shall complete the Legal Ethics and Practice Program Ethics School. The facts, as set forth in the Agreement, are as follows.

## *Facts*

Respondent's Client is a financial services and equipment leasing company. Client's customers, Borrowers, agreed to provide a collateral mortgage against real estate owned in connection with an equipment lease transaction. On January 16, 2008, Client retained respondent to 1) provide a title search on the real property showing all encumbrances, liens, and outstanding taxes and 2) record the mortgage. Respondent recorded the mortgage and conditional assignment of leases and rents on January 24, 2008. He then sent the recorded documents to Client as well as an email to Client stating, "[t]he title was updated by our office. No liens or other encumbrances."

When the property later went into foreclosure, Client learned there were several senior liens on the property. Specifically, there were converted judgments against one of the two Borrowers in the amounts of $2,646.05, $3,616.05, and $11,747.91. On September 1, 2009, Client contacted respondent requesting a copy of the title report. Respondent responded that he would send a copy to Client as soon as possible. Client made additional requests on September 14, 2009, and September 21, 2009. In a responsive email, respondent stated: "I can tell you that we filed and recorded a mortgage on January 24th, 2008. Title was clear at that time."

Respondent admits that he did not perform a title search of the property and did not prepare a title report. Client foreclosed on Borrowers' property and purchased the property at a foreclosure sale. After purchasing the property, the payoffs on the judgments were $4,311.55, $4,015.70, and $14,870.20. Client filed suit against respondent. The suit settled.

Respondent acknowledges he did not fully perform the services he was hired to perform and that his communications to Client were inaccurate and misleading. He maintains, however, that he never intended to mislead Client. His recollection is that, because Client and the Borrowers were anxious to conclude the transaction, he was instructed by Client's employee, who served as his contact, that a title search, though originally ordered, was no longer needed. Respondent acknowledges that Client's employee does not share his recollection. Despite his understanding that a title search was no longer needed, respondent submits he took action to confirm that the Borrowers owned the property. He further represents that he had someone performing services at the county register of mesne conveyances to confirm that Borrowers owned the property. He reports that same person, whose name he cannot recall, also told him the lien book showed no encumbrances against the property. Finally, after foreclosure commenced and Client requested a copy of the title report, respondent admits he did not consult his file before reporting that the title was clear at the time he submitted the mortgage for recording.

Respondent further admits he overbilled his Client by $10.00 for filing fees.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rules 1.2 (lawyer shall abide by client's decisions concerning objectives of representation and shall consult with the client as to the means by which they are to be pursued); Rule 1.3 (lawyer shall act with reasonable diligence in representing client); Rule 1.5 (lawyer shall not charge unreasonable amount for expenses); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter and, within one (1) year of the date of this opinion, complete the Legal Ethics and Practice Program Ethics School. Respondent shall provide the Commission with certification of his completion of the Legal Ethics and Practice Program Ethics School no later than ten (10) days after the conclusion of the program.

**PUBLIC REPRIMAND.**